Filed 3/6/24  P. v. Torres CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082067 |
| v. | (Super.Ct.No. FVI1101609) |
| DAVID JERRY TORRES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John P. Vander Feer, Judge.  Affirmed.

Siri Shetty, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# I.

## INTRODUCTION

This is defendant and appellant David Jerry Torres's third appeal. Defendant presently appeals the trial court's postjudgment order denying his request to dismiss the firearm enhancement or to impose a lesser firearm enhancement pursuant to a newly enacted statutory provision that grants a sentencing court the discretion to strike or impose a lesser firearm enhancement (Senate Bill No. 620). Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), requesting this court to conduct an independent review of the record. In addition, defendant has had an opportunity to file a supplemental brief with this court and has not done so. For the reasons explained below, we exercise our discretion to conduct an independent review of the record and affirm the judgment. (*People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).)

# II.

## FACTUAL AND PROCEDURAL BACKGROUND

In the evening on June 24, 2011, defendant and a cohort named Eddie approached a group of people at a San Bernardino County apartment complex. Defendant and Eddie displayed gang signs and said they were affiliated with the East Side Victoria criminal street gang. Eventually, a fistfight broke out and defendant shot one of the men once in the chest, resulting in his death. (*People v. Torres* (Dec. 3, 2018, E069238) [nonpub. opn.] (*Torres I*).)

On March 10, 2017, a jury found defendant guilty of murder (Pen. Code,[1] § 187, subd. (a)), and also found true the firearm enhancement that defendant personally and intentionally discharged a firearm causing death (§ 12022.53, subd. (d)). The trial court sentenced defendant to state prison for 40 years to life: 15 years to life on the murder conviction and a consecutive 25 years to life for the firearm enhancement. (*People v. Torres* (July 5, 2022, E075901) [nonpub. opn.] (*Torres II*).)

On December 3, 2018, this court affirmed the judgment, but ordered the matter remanded for resentencing on the firearm enhancement "to allow the trial court to exercise its discretion as to whether the firearm enhancement under section 12022.53, subdivision (d), should be stricken pursuant to section 1385." (*Torres I*, *supra*, E069238.)

On July 26, 2019, the People filed a sentencing memorandum asserting that the firearm enhancement should not be stricken. On that same day, the sentencing court declined to exercise its discretion to strike the 25-year-to-life firearm enhancement. Specifically, the court stated, "[t]he Court believes that this is not a case that justifies striking and exercising my discretion to strike the 25-year enhancement, so that petition to do so is denied," and "[f]or the record, I should indicate that I think that it was proven that Mr. Torres was indeed the actual person who did the killing—was the person who personally discharged the firearm." (*Torres II*, *supra*, E075901.) The court, however,

---

[1] All future statutory references are to the Penal Code.

3

did not explicitly resentence defendant after refusing to exercise its discretion to strike the firearm enhancement.

Defendant again appealed, and on November 10, 2021, we concluded the trial court lacked authority to impose a lesser included firearm enhancement at the resentencing hearing but concluded the matter should be remanded for pronouncement of sentence as the court had failed to orally pronounce a sentence at the resentencing hearing.  (*Torres II*, *supra*, E075901.)

On January 19, 2022, the California Supreme Court granted review of this case, and deferred briefing pending the decision in *People v. Tirado* (2022) 12 Cal.5th 688 (*Tirado*).  (*Torres II*, *supra*, E075901.)

The Supreme Court subsequently issued its decision in *Tirado*, *supra*, 12 Cal.5th 688, and on April 27, 2022, transferred this matter back to us with directions to vacate our decision filed November 10, 2021, and reconsider the cause in light of *Tirado*.[2]  We thus vacated our November 10, 2021, decision, and allowed the parties to file supplemental briefs.  (*Torres II*, *supra*, E075901.)

---

[2] *Tirado* conclusively establishes that the trial court has the discretion to strike the section 12022.53, subdivision (d) firearm enhancement and impose a lesser firearm enhancement under subdivisions (b) or (c) of that section, since by finding the greater enhancement true the jury necessarily found true facts supporting the lesser enhancements.  (See *Tirado*, *supra*, 12 Cal.5th at pp. 700-702.)

4

On July 5, 2022, we vacated the sentence and remanded to the trial court for resentencing in light of *Tirado*. In all other respects, we affirmed the judgment. (*Torres II*, *supra*, E075901.)

The resentencing hearing was held on August 25, 2023. The court noted that it had read and considered the probation officer's report and the recommendation as to sentencing, the People's November 9, 2022, sentencing memorandum, defendant's August 24, 2023, sentencing memorandum, and the victim impact statement. Defense counsel and the prosecutor submitted on the court's discretion. After the court analyzed the legislative history of Senate Bill No. 620, noted its discretion under the law and examined the circumstances of defendant's history, the trial court declined to exercise its discretion to dismiss the firearm enhancement or to impose a lesser firearm enhancement. The court imposed 15 years to life for murder and 25 years to life for the firearm enhancement and reduced the amount of the restitution fines to $1,000. Defendant timely appealed.

III.

DISCUSSION

After defendant appealed, appointed appellate counsel filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra*, 386 U.S. 738, setting forth a statement of the case and a summary of the procedural background. Counsel considered potential issues on appeal but found no specific arguments as grounds for relief, and requests that we exercise our discretion and independently examine the appellate record

5

for any arguable issues. Under *Anders,* which requires "a brief referring to anything in the record that might arguably support the appeal" (*Anders*, at p. 744), counsel raises the issues of whether the trial court abused its discretion by declining to dismiss the firearm enhancement or impose a lesser firearm enhancement.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

In *Delgadillo*, *supra*, 14 Cal.5th 216, the California Supreme Court held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 224-226.) Thus, we need not examine the entire record ourselves to look for arguable grounds for reversal. Because defendant's counsel filed a brief raising no issues, and defendant was given an opportunity to file a personal supplemental brief but declined, we may dismiss the appeal as abandoned. (*Id.* at pp. 230-232.) "Independent review in *Wende* appeals consumes substantial judicial resources," and "[t]he state . . . has an interest in an 'economical and expeditious resolution' of an appeal from a decision that is 'presumptively accurate and just.'" (*Id.* at p. 229.) While this postjudgment appeal involves an appeal from a recent statutory provision that grants a sentencing court the discretion to strike or impose a lesser firearm enhancement as articulated in Senate Bill No. 620, *Delgadillo*'s reasoning equally applies here.

We, however, have discretion to conduct *Wende* review even when it is not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) In this case, independent review of

the record by this court is particularly appropriate.  Upon receipt of appointed appellate counsel's no-issues brief submitted on behalf of defendant, the clerk of this court sent to defendant a "*Delgadillo* notice."  That notice cited *Delgadillo*, and correctly informed defendant that this court is not required to conduct an independent review of the record in appeals from postconviction proceedings, and that failure to timely file a supplemental brief may result in dismissal of his appeal as abandoned.

The brief filed by defendant's counsel and served on defendant, however, does not mention *Delgadillo*.  It instead states, "[t]he applicable law in this case is *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738."  (Italics added.)  Counsel's declaration avers that she wrote to defendant and informed him of her intention to ask this court for an independent review of the record "pursuant to the procedures that are specified in" *Anders* and *Wende*.  Counsel also advised defendant of his right to file a supplemental brief, but there is no indication in counsel's declaration that she explained to defendant that this court is not required to independently review the record and that failure to file a brief might result in dismissal of his appeal as abandoned.

There is an important distinction between the procedures afforded by reviewing under *Anders*/*Wende* and those employed pursuant to *Delgadillo*.  Under *Anders*/*Wende*, independent review by the reviewing court occurs automatically, irrespective of whether a defendant files a supplemental brief; under *Delgadillo*, record review is discretionary and, if the defendant does not file a supplemental brief, the reviewing court may simply issue an order dismissing the appeal as abandoned.  (*Delgadillo*, *supra*, 15 Cal.5th at

7

pp. 232-233.) When the *Delgadillo* procedures apply to an appeal but the reviewing court's notice to a defendant of the right to file a supplemental brief refers only to *Anders* and *Wende*, the notice may be suboptimal if the defendant could reasonably have concluded the court would independently review the record even absent a supplemental brief. (*Delgadillo*, at pp. 231-232.)

In this case, this court properly sent a *Delgadillo* notice to defendant, but it is reasonably probable that defendant may have been confused by, or even relied upon, the incorrect information provided by his counsel that the *Anders*/*Wende* procedures apply to his appeal. Under these circumstances, we believe it particularly important for this court to conduct an independent review of the record on appeal.

An appellate court conducts a review of the entire record to determine whether the record reveals any issues which, if resolved favorably to defendant, would result in reversal or modification of the judgment. (*Wende*, *supra*, 25 Cal.3d at pp. 441-442; *People v. Feggans* (1967) 67 Cal.2d 444, 447-448; *Anders*, *supra*, 386 U.S. at p. 744.) We have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

IV.

DISPOSITION

The trial court's order denying defendant's petition to dismiss the firearm enhancement or impose a lesser firearm enhancement is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

FIELDS
J.